J-S70026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAWN MOSES | |
| Appellant | No. 185 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003521-2012

BEFORE: OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED NOVEMBER 17, 2016**

Shawn Moses brings this appeal from the judgment of sentence imposed on December 4, 2015, in the Court of Common Pleas of Philadelphia County. Moses was found guilty by a jury of firearms not to be carried without a license, 18 Pa.C.S. § 6106(a)(1), a felony of the third degree, and carrying firearms on public streets or public property in Philadelphia, 18 Pa.C.S. § 6108, a misdemeanor of the first degree. The trial court sentenced Moses to three to six years' incarceration on the charge of firearms not to be carried without a license, and four years of reporting probation on the charge of carrying firearms on public streets or public property in Philadelphia. The sole claim raised by Moses is a challenge to the sufficiency of the evidence sustaining his firearms convictions. Based upon the following, we affirm.

The facts underling this appeal were summarized by the trial court:

On March 2, 2012, around 10:30 P.M., [Moses] was arrested on [the] 100 block of Edgewood Street in the City and County of Philadelphia. Under his clothing [Moses] had a 9 millimeter Glock handgun which contained ten (10) 9 millimeter Luger rounds of ammunition at the time of his arrest. A stipulation by and between counsel allowed Exhibit C-11, the Firearms Identification Unit (FIU) report, to be moved into evidence. The FIU report stated that the handgun had a four (4) inch barrel and was operable. A certificate of non-licensure from the Pennsylvania State Police was also stipulated to and admitted into evidence as Exhibit C-12. At trial, [Moses] testified that he purchased the firearm in Georgia and went through a background check and registry. [Moses] confirmed he did not have a license to carry a firearm in Pennsylvania nor Georgia.

Trial Court Opinion, 4/22/2016, at 2.

Our review of a challenge to the sufficiency of the evidence is well established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lopez*, 57 A.3d 74, 79 (Pa. Super. 2012).

Moses's sufficiency challenge rests on his claim he believed the gun he purchased in Georgia did not require a permit and therefore he believed he was excused from obtaining a license in Pennsylvania. Specifically, he asserts:

> [Moses] testified that he purchased the gun in Georgia. He maintained that the gun was legally purchased in Georgia. He maintained that according to Georgia law, he was entitled to possess the gun without a license. [Moses] testified that he had brought the gun to a photography and recording studio where he worked. The gun was used as a prop for a photograph. At the time of his arrest, he was returning to his home. He kept the gun at home for protection, but he was going to store it in a safe.
>
> [Moses] testified that he believed that as a matter of fact the gun was legal.

Moses's Brief at 15.

To address Moses's argument, we turn to the Pennsylvania Crimes Code provisions at issue, 18 Pa.C.S. §§ 6106 and 6108.

Section 6106 of the Crimes Code provides: "A person who carries a firearm in any vehicle or a person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). Therefore, the Commonwealth must prove (a) that the weapon was a firearm; (b) that the firearm was unlicensed; and (c) that where the firearm was concealed on or

about the person, it must be outside his home or place of business. ***Commonwealth v. Lopez***, 565 A.2d 437, 439 (Pa. 1989). Section 6106(b) enumerates sixteen exceptions to Section 6106(a).

Moses was also convicted under Section 6108 of the Crime Codes, which provides:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> > (1)  such person is licensed to carry a firearm; or
> >
> > (2)  such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108.

Because neither Section 6106 nor 6108 provide the requisite intent, the specific *mens rea* is that which is provided in 18 Pa.C.S. § 302. Section 302 states that "[w]hen the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person act intentionally, knowingly, or recklessly."  18 Pa.C.S. § 302(c). Pursuant to Section 302(b)(3):

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18  Pa.C.S.  §  302(b)(3).    Recklessness  may  be  demonstrated  by

- 4 -

circumstantial evidence. ***Commonwealth v. Hogan***, 468 A.2d 493, 496 (Pa. Super. 1983).

Moses asserts that his testimony demonstrates a "mistake of fact" that disproves the required element of criminal intent, and therefore the Commonwealth has failed to prove all the elements of the crimes charged against him. However, because this sufficiency challenge is based on Moses's own self-serving assertions, which the jury was free to disregard, it is unavailing. ***See Commonwealth v. Sinnott***, 30 A.3d 1105, 1110–1111 (Pa. 2011).

Furthermore, Moses's belief "that the gun was legal"[1] is a mistake of law, which is not a defense. ***See*** 18 Pa.C.S. § 304, Official Comment ("Generally speaking, ignorance or mistake of law is no defense."); ***Commonwealth v. Henderson***, 938 A.2d 1063, 1067 (Pa. Super. 2007) ("[I]it is axiomatic that ignorance of the law is not a defense.").

Here, Moses does not claim, for instance, that he believed a document he possessed was a valid license, when it was not — which would be a "mistake of fact." Rather, Moses's claim is he believed he did not need to have a Pennsylvania gun license, because he believed he did not need one in

---

[1] Moses's Brief at 15.

Georgia.[2] Even if reasonable, Moses's subjective belief that he was excused from obtaining a Pennsylvania license is a "mistake of law" that does not provide a defense to the charged firearms offenses.

While Moses relies on Pennsylvania's reciprocity agreement with Georgia, his reliance is misplaced. Section 6109(k) provides that "[t]he Attorney General may enter into reciprocity agreements with other states providing *for mutual recognition of each state's license* to carry a firearm." 18 Pa.C.S. § 6109(k) (emphasis added). Further, Pennsylvania's reciprocity agreement provides that Pennsylvania will recognize "*valid permits* to carry concealed firearms held by Georgia permit holders while said permit holders are present in Pennsylvania," and that "[r]eciprocity applies only to the carrying of firearms by *valid license holders* and not to other types of weapons." Attorney General's Letter Re: Handgun Permit Reciprocity between Pennsylvania and Georgia, 10/28/2002 (emphasis

---

[2] Moses cites Georgia statutes, O.C.G.A. 16-11-126 and 16-11-129, in arguing he believed a permit was unnecessary under Georgia law. However, the statute permits the carrying of an unlicensed handgun on a public street only if the firearm is enclosed in a case and unloaded. *See* O.C.G.A. § 16-11-125(c). Here, Moses's conduct of carrying a loaded handgun without a case would violate Georgia law.

added).[3]   Here, because Moses did not have a Georgia license, Section 6109(k) is inapplicable.

Likewise, Moses's citation to the exception set forth at Section 6106(b)(15)[4] fails.  That Section applies to a person "who possesses a **_valid and lawfully issued license or permit_** to carry a firearm which has been issued under the laws of another state," which is not the situation presented here.  18 Pa.C.S. § 6106(b)(15) (emphasis added).

Finally, even if Moses had possessed a valid Georgia gun license, he still would have needed a Pennsylvania gun license.  This Court has held that "a Pennsylvania resident who does not have a valid Pennsylvania license issued under the Pennsylvania Uniform Firearms Act may not carry a firearm

---

[3]https://www.attorneygeneral.gov/Media_and_Resources/Firearm_Reciprocity_Agreements/

[4] Section 6106(b)(15) provides an exception to Section 6106(a):

> Any person who possesses a valid and lawfully issued license or permit to carry a firearm which has been issued under the laws of another state, regardless of whether a reciprocity agreement exists between the Commonwealth and the state under section 6109(k), provided:
>
> > (i) The state provides a reciprocal privilege for individuals licensed to carry firearms under section 6109.
> >
> > (ii) The Attorney General has determined that the firearm laws of the state are similar to the firearm laws of this Commonwealth.

18 Pa.C.S. § 6106(b)(15).

in a vehicle or concealed on or about his person in Pennsylvania under the authority of a permit issued by another state that has reciprocity with Pennsylvania." ***Commonwealth v. McKown***, 79 A.3d 678, 687 (Pa. Super. 2013).

Here, Moses admitted he was a Pennsylvania resident and that he did not have a Pennsylvania gun license. He was carrying a concealed firearm on the streets of Philadelphia. As such, the evidence was sufficient to convict Moses of violations of Sections 6106(a)(1) and 6108.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016